UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**ANDREW B. INDAHL,**

    **Plaintiff,**

v.                                   **CIVIL ACTION NO: 1:18-cv-00540-KBM-KRS**

**MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A., a NEW MEXICO PROFESSIONAL
ASSOCIATION,**

    **Defendant.**

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW defendant Modrall, Sperling, Roehl, Harris & Sisk, P.A. ("Defendant" or "Modrall Sperling") by and through its attorneys Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A, and in answer to Plaintiff's complaint (the "Complaint") states as follows:

1. With respect to the allegations in Paragraph 1 of the Complaint regarding Plaintiff's employment, Defendant admits that Plaintiff was employed by Modrall Sperling from approximately April of 2012 until his employment was terminated effective April 27, 2018. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. With respect to the allegations in Paragraph 3 of the Complaint, Defendant denies that Modrall Sperling resides in Santa Fe County for purposes of venue and denies that venue is proper in Santa Fe County. Defendant affirmatively states that it has removed this matter to the United States District Court for the District of New Mexico. In the event this matter is ever remanded to the First Judicial District Court, Defendant reserves the right to challenge venue.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. With respect to the allegations in the first sentence of Paragraph 5 of the Complaint, Defendant states that the allegations are so vague with respect to Plaintiff "me[eting] all objective requirements" of employment, that Defendant is unable to admit or deny, and therefore denies, those allegations. With respect to the second sentence in Paragraph 5, Defendant denies that Plaintiff "consistently performed up to the expectations of the Modrall Law Firm." Defendant also states that Plaintiff's performance evaluations and records related to compensation and income speak for themselves, and to the extent the allegations in Paragraph 5 are inconsistent with the contents of those, Defendant denies them. Defendant further states in response to the allegations in Paragraph 5, that Modrall Sperling's policies and procedures speak for themselves, and to the extent the allegations in Paragraph 5 are inconsistent with the contents of those policies and procedures, Defendant denies them. Defendant denies all remaining allegations in Paragraph 5.

6. The allegations contained in Paragraph 6 of the Complaint are so vague and non-specific with respect to the phrases "disciplinary issues" and "formally counseled" that Defendant is unable to admit or deny them, and therefore denies them.

7. Defendant admits the allegations in Paragraph 7 of the Complaint.

8. Defendant denies the allegations in Paragraph 8 of the Complaint.

9. With respect to the allegations in Paragraph 9 regarding criticism by "one or more shareholders," Defendant states that these allegations are so vague with respect to the identity of the "shareholders" allegedly involved that Defendant is unable to admit or deny, and therefore denies, those allegations. Defendant denies that Ms. Indahl's job performance was unfairly criticized. With regard to the allegations in Paragraph 9 pertaining to Ms. Indahl's performance

evaluation, Defendant states that Ms. Indahl's performance evaluation speaks for itself, and to the extent the allegations contained in Paragraph 9 are inconsistent with the contents of that evaluation, Defendant denies them.  Defendant denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations in Paragraph 10 of the Complaint and affirmatively states that Defendant took deliberate steps to support and accommodate Ms. Indahl upon her return from maternity leave in 2014 and thereafter.

11. With respect to the allegations contained in Paragraph 11 of the Complaint which relate to Plaintiff's alleged belief or state of mind, Defendant denies those allegations.  The remaining allegations contained in Paragraph 11 of the Complaint are so vague and ambiguous with respect to which alleged actions or statements Plaintiff is referring to, which individuals were involved, or when those events are alleged to have taken place during a multi-year period, that Defendant is unable to specifically admit or deny each of those allegations, and therefore denies them. Defendant specifically denies that Modrall Sperling or any of its agents engaged in discriminatory conduct, created a hostile work environment, or attempted to sabotage Ms. Indahl's career.  With respect to the allegations contained in the last sentence of Paragraph 11, Defendant admits that Ms. Indahl moved to an office on the sixth floor, but Defendant denies all remaining allegations contained in that sentence.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. With respect to the allegations in Paragraph 15 of the Complaint, Defendant states that these allegations are so vague with respect to the identity of who the "One or more shareholders"

3

are, that Defendant is unable to admit or deny, and therefore denies, those allegations. Defendant denies all remaining allegations in Paragraph 15 of the Complaint.

16. With respect to the allegations in Paragraph 16 of the Complaint, Defendant states that Plaintiff's performance evaluations speak for themselves, and to the extent that the allegations contained in Paragraph 16 are inconsistent with the contents of the performance evaluations, Defendant denies them. Defendant admits that Plaintiff discussed a performance evaluation given to him in 2016 with an attorney who provided the evaluation. Defendant denies all remaining allegations in Paragraph 16, and specifically denies that Plaintiff's performance evaluation was retaliatory or contained "objectively false statements."

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. With respect to the allegations in the first sentence of Paragraph 18, Defendant states that Plaintiff's self-evaluations speak for themselves, and to the extent that the allegations contained in Paragraph 18 are inconsistent with the contents of such self-evaluations, Defendant denies them. Defendant further states that the allegations of Paragraph 18 are so vague with respect to which self-evaluation Plaintiff is discussing, that Defendant is unable to admit, and therefore denies, such allegations. With respect to the second sentence in Paragraph 18, Defendant admits that Plaintiff's self-evaluations are shared with Modrall Sperling shareholders. Defendant denies the allegations contained in Paragraph 18 alleging adverse treatment of Plaintiff's wife on the basis of her sex.

19. With respect to the allegations in the first sentence of Paragraph 19, Defendant admits that Plaintiff was eligible for shareholder vote in 2017. With respect to allegations in the second sentence of Paragraph 19, Defendant admits that a straw poll of shareholders was conducted in 2017 and that shareholders had concerns about Plaintiff; Defendant denies the remaining

allegations in the second sentence of Paragraph 19. With respect to the third and fourth sentences in Paragraph 19, these allegations are so vague with respect to the identity of the unnamed "shareholders," that Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies them.

20. In response to Paragraph 20 of the Complaint, Defendant admits that Plaintiff met with the President and the Chair of the Associates Committee before the shareholder vote and indicated that he anticipated that certain shareholders would vote against him and stated that he thought he could file a lawsuit regarding such shareholders, but Defendant denies the remaining allegations of Paragraph 20.

21. Defendant admits the allegations in the first and second sentences of Paragraph 21 of the Complaint. Defendant denies the remaining allegations in Paragraph 21 of the Complaint.

22. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of, and therefore denies, the allegations of Paragraph 22 due to the vagueness of the communications intended to be described. Defendant admits that Plaintiff has made such claims over time, but Defendant denies that "General Counsel did nothing."

23. With respect to the allegations in the first sentence of Paragraph 23 of the Complaint, Defendant admits that Ms. Indahl exchanged emails with Co-General Counsel following the shareholder vote, those emails speak for themselves and to the extent that the allegations contained in Paragraph 23 are inconsistent with the contents of those emails, Defendant denies them; Defendant furthermore specifically denies that Co-General Counsel "reacted with hostility." Defendant denies the remaining allegations in Paragraph 23, and specifically denies that Plaintiff's wife was subjected to a hostile work environment or that Plaintiff was subjected to retaliation.

24. With respect to the allegations in Paragraph 24 of the Complaint, Defendant admits that in early December, 2017, Plaintiff emailed heads of the employment section at Modrall Sperling and the firm's President with allegations about what Plaintiff characterized as discrimination and retaliation at the firm.  Defendant denies that Plaintiff's communications indicated that he "attempted to start a conversation" or that Plaintiff was "hoping to help the firm."  Defendant denies Plaintiff's allegations of discrimination and retaliation, and denies that retaliatory votes had been cast against Plaintiff during the shareholder vote.  Defendant states that Modrall Sperling's policies and procedures speak for themselves and to the extent that the allegations contained in Paragraph 24 are inconsistent with the contents of those policies and procedures, Defendant denies them.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant admits the allegations in Paragraph 26 of the Complaint.

27. With respect to the allegations in Paragraph 27 of the Complaint, Defendant states that Defendant engaged an outside attorney to conduct an investigation into Plaintiff's allegations, and Defendant admits that Plaintiff was interviewed by that outside attorney on two occasions. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. With respect to allegations in the first sentence of Paragraph 28 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations pertaining to emails that "disappeared from plaintiff's email box," and therefore denies them.  Defendant admits that Plaintiff asked Defendant for an "audit log" on Plaintiff's email account and that Defendant did not install software that Plaintiff requested after Modrall Sperling's IT department determined that his allegations were unfounded and that such an "audit

log" was unnecessary. Defendant denies the remaining allegations and implications of Paragraph 28 of the Complaint.

29. With respect to the allegations in Paragraph 29 of the Complaint, Defendant admits that in early January 2018, Modrall Sperling's Co-General Counsel contacted Plaintiff's wife as a courtesy to advise that the results of the independent investigation into Plaintiff's allegations would be discussed at the director's meeting, but denies the remaining allegations of Paragraph 29.

30. With respect to the allegations in Paragraph 30 of the Complaint, those allegations are so vague and non-specific with respect to the timing and content of the alleged discussion that Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations and therefore denies them.

31. With respect to the allegations in Paragraph 31 of the Complaint, Defendant admits that Plaintiff filed a charge of discrimination with the EEOC on or about January 11, 2018, and that Plaintiff informed various shareholders at Modrall Sperling that he intended to do so. Defendant admits that Plaintiff's charge of discrimination alleged that Modrall Sperling had violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant admits the allegations in the final sentence of Paragraph 31 of the Complaint. Defendant denies all remaining allegations in Paragraph 31 of the Complaint and denies that Defendant violated any federal or New Mexico employment discrimination laws.

32. With respect to the allegations in Paragraph 32 of the Complaint, Defendant admits that Plaintiff told Defendant's Co-General Counsel that Plaintiff objected to any of his allegations being discussed with shareholders. Defendant denies all remaining allegations in Paragraph 32 of the Complaint.

33. With respect to the allegations in Paragraph 33 of the Complaint, Defendant states that the referenced emails speak for themselves and to the extent the allegations contained in Paragraph 33 are inconsistent with the contents of those emails, Defendant denies them.

34. With respect to Paragraph 34 of the Complaint, Defendant admits that Co-General Counsel advised as a courtesy that firm management would not be raising Plaintiff's claims with the shareholders/directors at the January 13, 2018 meeting.

35. With respect to the allegations in Paragraph 35 of the Complaint, Defendant admits that on January 12, 2018 Plaintiff was informed via email that due to his increasingly threatening, defiant and disruptive conduct that is never appropriate in a workplace, he was not permitted back into the firm's offices until further notice. Defendant denies all remaining allegations in Paragraph 35 of the Complaint.

36. With respect to the allegations in Paragraph 36 of the Complaint, Defendant states that the referenced emails speak for themselves and to the extent the allegations contained in Paragraph 36 are inconsistent with the contents of those emails, Defendant denies them. Defendant specifically denies that Plaintiff was not provided with the reasons for Plaintiff not being permitted in the law firm's offices.

37. With respect to the allegations in Paragraph 37 of the Complaint, Defendant admits that Plaintiff had a telephone conversation with Defendant's Co-General Counsel in the days following Plaintiff being told that he was not permitted to re-enter the firm's offices until further notice. Defendant denies Plaintiff's characterization of that conversation in Paragraph 37 of the Complaint. Defendant further denies that Defendant did not provide Plaintiff with an explanation for why he was not permitted to enter the firm's offices until further notice.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. With respect to the allegations in Paragraph 39 of the Complaint, Defendant denies that all of Plaintiff's communications were free from the implication of potential violence and states that Plaintiff's words and actions were threatening, frightening, unstable, and indicative of a potential threat to workplace safety.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. With regard to the allegations in Paragraph 41 of the Complaint, Defendant admits that Plaintiff sought to return to the office, but states that Plaintiff's threatening and inappropriate behavior continued, such that Defendant did not permit Plaintiff to re-enter the offices.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. With respect to the allegations in Paragraph 43, Defendant admits that Plaintiff filed a second EEOC charge on or about April 15, 2018, which alleged that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the New Mexico Human Rights Act.  Defendant denies all remaining allegations in Paragraph 43 of the Complaint and denies that Defendant violated any state or federal employment discrimination laws.

44. With respect to the allegations in Paragraph 44, Defendant states that the April 2018 EEOC charge speaks for itself and to the extent the allegations contained in Paragraph 44 are inconsistent with the contents of that charge, Defendant denies them.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. With respect to the allegations in Paragraph 46 of the Complaint, Defendant admits that Defendant emailed Plaintiff notice of his termination on April 24, 2018, and that his termination was effective April 27, 2018.  Defendant states that Plaintiff's termination letter speaks for itself and to the extent the allegations contained in Paragraph 46 are inconsistent with the contents of that letter, Defendant denies them.

47. With respect to the allegations in Paragraph 47, Defendant admits that Plaintiff filed a third EEOC charge sometime after April 24, 2018, which alleged that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the New Mexico Human Rights Act.  Defendant denies all remaining allegations in Paragraph 47 of the Complaint and denies that Defendant violated any state or federal employment discrimination laws.

48. With respect to the allegations in Paragraph 48 of the Complaint, Defendant states that Plaintiff's third EEOC charge speaks for itself and to the extent the allegations contained in Paragraph 48 are inconsistent with the contents of that charge, Defendant denies them.

49. With respect to the allegations in Paragraph 49 of the Complaint, Defendant reasserts and incorporates its foregoing answers to the Complaint as if fully set forth herein.

50. With respect to the allegations in Paragraph 50 of the Complaint, Defendant is without information or knowledge sufficient to form a belief as to the truth of allegations pertaining to what Plaintiff believed and therefore denies the same. Defendant denies that it engaged in any conduct toward Plaintiff's wife that constituted discrimination based on sex. Defendant further affirmatively states that if Plaintiff believed Ms. Indahl was being discriminated against, his belief was unreasonable.

51. Defendant denies the allegations in Paragraph 51 of the Complaint.

52. Defendant denies the allegations in Paragraph 52 of the Complaint.

53. With respect to the allegations in Paragraph 53 of the Complaint, Defendant admits that Plaintiff filed a charge of discrimination with EEOC. Defendant denies all remaining allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. With respect to the allegations in Paragraph 55 of the Complaint, Defendant admits that Plaintiff filed a second charge of discrimination with EEOC. Defendant denies all remaining allegations in Paragraph 55 of the Complaint.

56. With respect to the allegations in Paragraph 56 of the Complaint, Defendant admits that it communicated that Plaintiff had been dishonest and unethical, but denies the remaining allegations in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint asserts a legal conclusion, to which no response is required. Insofar as Paragraph 57 can be construed as making factual allegations, Defendant denies them.

58. Paragraph 58 of the Complaint asserts a legal conclusion, to which no response is required. Insofar as Paragraph 58 can be construed as making factual allegations, Defendant denies them.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint asserts a legal conclusion, to which no response is required. Insofar as Paragraph 60 can be construed as making factual allegations, Defendant denies them.

61. Defendant denies the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant denies the allegations in Paragraph 67 of the Complaint.

68. With respect to the allegations in Paragraph 68 of the Complaint, Defendant reasserts and incorporates its foregoing answers to the Complaint as if fully set forth herein.

69. The first sentence of Paragraph 69 of the Complaint states a legal conclusion to which no response is required. Insofar as the first sentence of Paragraph 69 can be construed as making factual allegations, Defendant states that its policies and procedures speak for themselves, and to the extent the allegations in Paragraph 69 are inconsistent with the contents of those policies and procedures, Defendant denies them. The allegations contained in the second sentence of Paragraph 69 are so vague, ambiguous and unintelligible that Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies them.

70. Paragraph 70 of the Complaint states a legal conclusion to which no response is required. Insofar as Paragraph 70 can be construed as making factual allegations, Defendant admits that Plaintiff received two years of credit toward the minimum number of years for eligibility to be considered for shareholder but otherwise states that its policies and procedures speak for themselves, and to the extent the allegations in Paragraph 70 are inconsistent with the contents of those policies and procedures, Defendant denies them.

71. With respect to the allegations in Paragraph 71 of the Complaint, Defendant admits that Plaintiff was provided with Modrall Sperling policies and procedures regarding election of associates to shareholders. The remainder of the allegations in Paragraph 71 state legal conclusions to which no response is required. Insofar as those allegations in Paragraph 71 can be construed as making factual allegations, Defendant denies them.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore denies them.

73. With respect to the allegations in Paragraph 73 of the Complaint, Defendant states that Plaintiff's performance evaluations speak for themselves, and to the extent the allegations in Paragraph 73 are inconsistent with the contents of those performance evaluations, Defendant denies them.

74. With respect to the allegations in Paragraph 74 of the Complaint, Defendant admits that it has a policy and practice of providing a "hard look" evaluation at the approximate mid-point of an associate's track to shareholder consideration and that this evaluation is sometimes referred to as the third year hard look, but Defendant denies the remaining allegations and implications of Paragraph 74.

75. Paragraph 75 of the Complaint states a legal conclusion to which no response is required. Insofar as Paragraph 75 can be construed as making factual allegations, Defendant denies them.

76. Paragraph 76 of the Complaint states a legal conclusion to which no response is required. Insofar as Paragraph 76 can be construed as making factual allegations, Defendant denies them.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. With respect to the allegations in Paragraph 78 of the Complaint, Defendant admits that Plaintiff did not receive the votes necessary to be elected a shareholder of the firm. Defendant denies the remaining allegations in Paragraph 78 of the Complaint.

79. With respect to the allegations in Paragraph 79 regarding criticism by "one or more shareholders" Defendant states that these allegations are so vague with respect to the identity of the "shareholders" allegedly involved that Defendant is without information or knowledge sufficient to form a belief as to the truth of those allegations and therefore denies them.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies that Plaintiff is entitled to any of the relief sought in his prayer for relief.

Defendant denies all allegations not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense:**   Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense:**   Plaintiff failed to exhaust administrative remedies.

**Third Affirmative Defense:** If there was a contractual relationship between Defendant and Plaintiff, Plaintiff breached said contract.

**Fourth Affirmative Defense:** Damages suffered by Plaintiff, if any, are a result of Plaintiff's own acts or omissions and/or those of third parties.

**Fifth Affirmative Defense:** The Complaint fails to state a sufficient factual or legal predicate for an award of punitive damages under New Mexico law.

**Sixth Affirmative Defense:** Plaintiff's claim for punitive damages is barred by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States. Any award of punitive damages under the facts of this case would be unjustified and would constitute a denial of equal protection of the law, a denial of due process of law and the imposition of an excessive fine.

**Seventh Affirmative Defense:**   Plaintiff failed to mitigate his damages, if any.

**Eighth Affirmative Defense:** Plaintiff's claims in this action are barred by the equitable doctrines of waiver, laches, and/or unclean hands.

**Ninth Affirmative Defense:**  Plaintiff's claims in this action are barred by the statute of frauds.

**Tenth Affirmative Defense:**  Plaintiff's claims in this action are barred by the doctrine of estoppel.

**Eleventh Affirmative Defense:**  Plaintiff's claims are barred by applicable statutory limitations periods.

**Twelfth Affirmative Defense:** Insofar as Plaintiff's claims are based on allegations relating to privileged settlement communications, those claims are barred by federal and state law protecting such communications.

**Thirteenth Affirmative Defense:** Plaintiff's claims are barred pursuant to the after-acquired evidence doctrine.

**Fourteenth Affirmative Defense:** Plaintiff's claims are barred to the extent he failed to file an EEOC charge within 180 days of the alleged discriminatory action.

**Fifteenth Affirmative Defense:** Defendants actions were legitimate, non-discriminatory, and/or non-retaliatory pursuant to the standard set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

**Sixteenth Affirmative Defense:** Should this case be remanded, venue is improper in the First Judicial District.

**Seventeenth Affirmative Defense:** Plaintiff's claims are barred by the business judgment rule and Plaintiff's lack of standing.

**Eighteenth Affirmative Defense:** Defendant has engaged in good faith efforts to comply with the law pursuant to *Kolstad v. ADA*, 527 U.S. 526 (1999).

**Nineteenth Affirmative Defense:** Even if Plaintiff can prove that a prohibited factor motivated Defendant's alleged employment decision(s), which Defendant expressly denies, Defendant would have taken the same action even absent such motivation and therefore Plaintiff's claim fails. *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Price Waterhouse v. Hopkins*, 290 U.S. 228 (1989).

Defendant reserves the right to raise other affirmative defenses in this matter.

**WHEREFORE**, Defendant respectfully prays as follows:

1. Plaintiff takes nothing by his complaint in this action, and that judgment be entered in favor of Defendant Modrall Sperling as to each and every claim asserted against it in the Complaint.

2. That Defendant Modrall Sperling be awarded its costs incurred in defending this lawsuit.

3. For any and all other relief that the Court deems proper.

## JURY DEMAND

Defendant hereby requests a jury for all issues triable to a jury and hereby requests the maximum number of jurors.

Respectfully submitted,

STELZNER, WINTER WARBURTON,
   FLORES, SANCHEZ & DAWES, P.A.
302 Eighth Street N.W., Suite 200
P.O. Box 528
Albuquerque, New Mexico 87103
Phone: (505) 938-7770


BY: */s/ Sara N. Sanchez*
   SARA N. SANCHEZ
   REBEKAH A. GALLEGOS

*Attorneys for Defendant Modrall, Sperling, Roehl, Harris & Sisk, P.A.*

16

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on the 20th day of June, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Christopher M. Moody [moody@nmlaborlaw.com]
Repps D Stanford [stanford@nmlaborlaw.com]
Moody & Warner P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM  87109-6742

*/s/ Sara N. Sanchez*
Sara N. Sanchez