UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

ANDREW B. INDAHL,

    Plaintiff,

v.                                                                                            NO: 1:18-cv-00540 KBM-KRS

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A. a NEW MEXICO
PROFESSIONAL ASSOCIATION,

    **Defendant.**

### PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND

Defendant's Response to Motion to Remand [Doc. 11, filed July 5, 2018] misstates the substance of Plaintiff's Complaint, misunderstands the applicable standard governing whether Plaintiff's Motion to Remand should be granted or denied and misconstrues the case law cited by Plaintiff in his motion. The Motion to Remand should be granted because the Complaint clearly and unequivocally states only state law claims that do not require resolution of any federal law issues for their resolution. This Court therefore lacks subject matter jurisdiction.

    **I.**    **The Complaint Clearly States State Law Claims and only State Law Claims**

Defendant argues that Plaintiff failed to make clear in his Complaint whether his retaliatory discharge cause of action was brought under state or federal law and that the Complaint can fairly be read to assert a federal claim.[1] *Response, p. 6*. This is incorrect. Even a cursory reading of the Complaint shows clearly that Plaintiff is asserting only state law claims

---

[1] This is contrary to the grounds asserted in the Notice of Removal, where Defendant relied only on the theory that the Complaint implicates a significant federal issue and will require interpretation of federal law, not that the Complaint actually asserts a federal claim. *See Notice of Removal* [doc. 1, filed June 13, 2018], ¶¶ 4, 5, 11-12.

1

for: (a) common law retaliatory discharge in violation of public policy; and (b) breach of contract.[2] The title of the Complaint, coupled with the specific headings to each of the two counts, make it abundantly clear that common law claims are being asserted. "Retaliatory discharge," as distinct from "retaliation in violation of Title VII or the NMHRA," connotes a common law, state-based discharge claim. *See e.g. Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-004 (correctly identifying the name of the state law tort claim as "retaliatory discharge" in twenty (20) separate instances); *cf. Juneau v. Intel*, 2006-NMSC-002, ¶ 1 (correctly identifying a "retaliation claim under the NMHRA").  The claim for breach of contract stands on the same state, common law footing.

The specific allegations in Count I also make it clear that the claim is a common law retaliatory discharge claim. The reference to discharge in violation of public policy clearly references a state common law retaliation claim as opposed to a statutory retaliation claim. The specific public policies referenced in Count I are all New Mexico, rather than federal, public policies. *See Complaint*, ¶¶ 57, 58, 60. The public policy sources referenced in those portions of the Complaint are: (a) the NMHRA; (b) the Albuquerque Human Rights Ordinance; (c) another New Mexico statute (NMSA 1978 § 30-16-9 (2015)); and (d) state appellate court decisions such as *Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040. The Complaint does not state that the retaliatory discharge claim is brought pursuant to, out of, from, or under Title VII. In fact, the specific citations to the NMHRA and *Gandy* in Count I could not, and should not, have honestly

---

[2] As Defendant notes, since he filed his Motion to Remand, Plaintiff has amended his complaint. [Doc. 9, filed June 27, 2018] Plaintiff amended his complaint to add a third count asserting a claim under the New Mexico Human Rights Act ("NMHRA"), NMSA 1978, § 28-1-1 *et seq.* (2015). Defendant accuses Plaintiff of some type of subterfuge in changing references to "EEOC charge" to "employment discrimination charge". The term "employment discrimination charge" is more accurate because, as noted in the Complaint, the charges were dual filed both with the Equal Employment Opportunity Commission and the New Mexico Human Rights Bureau.

created jurisdictional confusion even for a novice party, as *Gandy* pedagogically provides as follows:"…we hold that the remedies provided in the Human Rights Act are not exclusive and that the tort of retaliatory discharge can be founded on a violation of Section 28-1-7(I) of the Act." Count I intentionally tracks the state law roadmap set forth in *Gandy.*

Consistent with the common sense reading of Count I, Defendant itself initially interpreted the Complaint to state only state law claims. In the Notice of Removal, Defendant averred that it was removing on the basis that the state law claims implicated federal law. To quote Defendant:

> "However, exceptions to the well-pleaded complaint rule exist when (a) federal law completely preempts state law in the field, or (b), an issue of federal law is a necessary element of the plaintiff's **state law claim** and is so central to that claim that it justifies removal. *See Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 24 (1983**). It is the latter situation which provides the basis for removal in this case**." *Notice of Removal* [doc.I], ¶ 11 (emphasis added).

Barely a month ago Defendant had no difficulty in reading the complaint as asserting only state law claims. Now, however, when it is opportunistic to do so, Defendant claims the retaliatory discharge claim can be interpreted to state a federal law claim. That claim is without merit.

Defendant then argues that the Complaint is at least ambiguous as to whether the retaliatory discharge claim is being brought under federal law. *Response, p.6.* While this is incorrect, it reflects a more fundamental misunderstanding of the relevant legal standards governing removal. The presumption is against removal jurisdiction, not for it, and the removing defendant must overcome it. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Bonadeo v. Lujan*, No. CIV 08-0812 JB/ACT, 2009 U.S. Dist. LEXIS 45672, 2009 WL 1324119, at *4 (D.N.M. Apr. 30, 2009)(Browning, J.)("Removal statutes are strictly construed, and ambiguities should be resolved in favor of

remand."). Even were Plaintiff's Complaint ambiguous as to whether claims were being brought under federal or state law, and it is not, Plaintiff would be entitled to an order of remand.

Armed with no supporting case law, Defendant further opines that Plaintiff's allegations about his administrative charge filings are incorporated into each count of the complaint and because those allegations reference filing with EEOC they show an intent to assert a federal law claim. Those allegations refer to Plaintiff filing his employment discrimination charges with EEOC and also state that the charges were cross-filed the charges with the state HRB. The allegations also recite language from the charges that the alleged conduct violates Title VII of the Civil Rights Act of 1964, but also that the charges alleged the conduct also violated the NMHRA. This merely recounts what Plaintiff actually did, what the charges actually stated, and what dual impact the EEOC filing actually had. Presumably Rule 11 required Plaintiff to present a truthful and accurate account of events underlying his lawsuit, but those allegations clearly identify the NMHRA and the filing of charges under the same.

Defendant further claims that the Complaint "alleges that Defendant retaliated against Plaintiff in violation of Title VII, and then incorporates that allegation into his 'retaliatory discharge' cause of action…." *Response, p.6.* Yet the referenced allegations state that the **administrative charges** alleged violations of both Title VII and the NMHRA. *See Complaint*, ¶¶ 31, 43, 47. They did, but a plaintiff is free to choose which available legal claims to assert in a complaint. A complaint, not a charge, is the actual, operative pleading in a lawsuit *See* Rule 1-008 NMRA; Fed. R. Civ. P. 8. Plaintiff could have asserted claims pursuant to Title VII, but chose otherwise. As Plaintiff is the master of his complaint, his decision is determinative.

The mere factual references to filing EEOC charges in which the charges alleged violations of Title VII (and the NMHRA) is insufficient to turn Plaintiff's legal claims into

federal ones. The substantial body of case authority cited in the Motion to Remand establishes that references like these to administrative charges do not provide a basis for a federal court to find subject matter jurisdiction.

Defendant relies heavily on *Krueger v. Kissinger*, 37 F.Supp.3d 1200 (D.Colo. 2014), to argue that removal was proper in this case. However, the issue in *Krueger* was not whether federal jurisdiction existed (which is the question here), but rather whether the defendant was put on notice more than thirty (30) days before it removed that the plaintiff was asserting federal law claims, thus making the removal in that case untimely.[3] In *Krueger* there was substantial evidence of communications between the parties before the lawsuit was even filed, as well as administrative filings, that the court relied on to show that the defendant was aware that the plaintiff was planning on pursuing federal law claims. *Id.,* 1204-05. Although *Krueger* bears on an issue not present in this case because the court relied on pre-filing documents, the holding appears to be inconsistent with controlling Tenth Circuit precedent. *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)(for 30-day removal clock to start "requires clear and unequivocal notice from the pleading itself" that case is removable); *see also Zamora v. Wells Fargo Home Mortg.*, 831 F.Supp.3d 1283, 1287 (D.N.M. 2011)(rejecting argument that "defendant should have relied on a variety of evidence outside the pleadings, including what the defendants should have known" to know case was removable).

Here, there is no ambiguity in the Complaint. The claims asserted are solely state law claims, as Defendant itself initially concluded. Plaintiff has likewise expressly disavowed any invocation of federal law. Subject matter jurisdiction is lacking and the case should be remanded.

---

[3] The court specifically did not decide whether there was, in fact, federal jurisdiction: "Whether Plaintiff's lawsuit does indeed arise under federal law is a question of subject matter jurisdiction into which I do not delve." *Id.*, 1203.

## II.     Federal Law is Irrelevant to Plaintiff's Claims

Next, Defendant falls back to the position it originally asserted as the basis for removal in this case: Plaintiff's state law retaliatory discharge claim necessarily turns on a substantial question of federal law. Defendant claims that resolution of the retaliatory discharge claim will require a determination as to whether Defendant violated Title VII, but this is incorrect on two counts. First, the public policies identified in the retaliatory discharge count are state law policies, not Title VII, and *Gandy* expressly holds that a retaliatory discharge claim may be predicated on the NMHRA, indubitably a state statute. Second, Plaintiff's actions were protected under the retaliatory discharge tort regardless of whether the conduct of Defendant that he was opposing actually violated the law.

As to the first issue, without belaboring the point, Count I expressly cites as public policies only state statutory law, state judicial decisions and the Albuquerque Human Rights Ordinance, specific legal references that Defendant conveniently, if not deliberately, ignores outright. *See Complaint*, ¶¶ 57, 58, 60. Title VII is not referred to. Despite this, Defendant appears to argue that because Plaintiff's discrimination charges were filed with EEOC and because they reference Title VII, Plaintiff will have to prove a violation of Title VII. This represents a serious misunderstanding both of the allegations in the Complaint and of the law.

As noted previously, while Plaintiff's charges were initially filed with EEOC, they were cross-filed with the state HRB. *See Mitchell-Carr v. Mclendon*, 1999-NMSC-025, ¶¶ 14-15 (discussing work sharing agreement); *Sabella v. Manor Care, Inc.*, 1996-NMSC-014, ¶ 9 (same). As also noted previously, while the charges alleged violations of Title VII, they also explicitly alleged violations of the NMHRA. For this reason, the fact that those allegations were incorporated into the retaliatory discharge count and the fact that that count also alleges that

Plaintiff filed charges with EEOC and suffered retaliation as a result does not implicate Title VII in any way. Simply put, adjudication of the state law policies specifically identified in Count I will not even tangentially, let alone substantially, involve delving into federal law.

As to the second issue, the trial court or the jury will ultimately have to determine whether Plaintiff's discharge offended New Mexico public policy, not Title VII. To prove a claim of common law retaliatory discharge claim in New Mexico an employee must: "(1) identify a specific expression of public policy which the discharge violated; (2) demonstrate that he or she acted in furtherance of the clearly mandated public policy; and (3) show that he or she was terminated as a result of those acts." *Lihosit v. I & W, Inc.*, 1996-NMCA-056, P 9. There are no additional elements. Plaintiff has identified specific state public policies, among them the NMHRA. The NMHRA prohibits discrimination in employment based on sex and also prohibits threats, reprisal or discrimination against any person who has opposed any unlawful discriminatory practice or has filed a complaint under the NMHRA. *See* NMSA 1978 § 28-1-7(A) & (I)(2) (2015). To meet the second element of the tort Plaintiff need only show that he opposed conduct he believed to be sex discrimination in violation of the NMHRA and/or that he filed a charge under the NMHRA. He has alleged both. What Plaintiff does not have to do is prove that Defendant somehow violated Title VII and any claim to the contrary is preposterous.

Defendant relies on *Trujillo v. N. Rio Arriva Elec. Coop., Inc.,* 2002-NMSC-004, ¶ 20, for the proposition that absent an underlying legal violation Plaintiff does not have a viable retaliatory discharge claim and that he therefore must prove an underlying violation of Title VII. Plaintiff believes that the cited language from *Trujillo* is confined to the specific facts of that case and cannot be read to mean that in every case of retaliatory discharge in violation of public policy the plaintiff has to prove a violation of underlying law in order to have a viable claim. For

example, the uniform jury instructions that are mandatory for use in the state courts states the essence of the retaliatory discharge tort as follows: "In this case you must [also] determine whether ___ (employee) was discharged because [he][she] ___ (insert conduct court has determined is protected by public policy)." UJI 13-2304 NMRA. The jury instruction does not require that the conduct protected by public policy must be found to have been unlawful.

However, even if the underlying conduct has to be unlawful, that does not help Defendant here because the question is whether the conduct violated a public policy—public policies that are expressly identified in Count I as solely state law public policies. There is no legitimate basis for concluding in this case that the Court will have to determine whether Defendant's conduct that Plaintiff opposed violated Title VII.

The argument falls apart even more when consideration is given to the conduct on which Plaintiff bases his retaliatory discharge claim. The Complaint alleges that Plaintiff opposed conduct that amounted to sex discrimination, that he filed employment discrimination charges and that he was retaliated against due to both of these actions. The charges were filed with the HRB (as well as EEOC) and alleged violations of the NMHRA (as well as Title VII). The NMHRA expressly states that it is unlawful to engage in threats, reprisal or discrimination against anyone because that person has filed a charge under the NMHRA. NMSA 1978, § 28-1-7(I) (2015). There need be no consideration of federal law. Plaintiff's retaliatory discharge claim in no way involves application, interpretation or even review of any federal law, much less turning on substantial and disputed questions of federal law. Remand is therefore required.

### III. Defendant's Position Has No Basis in Law

There is simply no principled legal basis for Defendant's position that Plaintiff's retaliatory discharge claim is either a federal law claim or turns on federal law. Defendant

therefore resorts to specious attempts to distinguish the numerous court decisions Plaintiff cited in his Motion.

Defendant begins this desperate effort by claiming that all of the cases Plaintiff relies on are distinguishable because none involved claims that turned on alleged violations of federal law. This is disingenuous. The cases Plaintiff cited involved attempts by the defendants in those cases to argue a federal nexus to support removal. In determining that no federal nexus existed, the courts in those cases categorically rejected just the sort of arguments Defendant make here. In effect, Defendant is essentially claiming that the cases cited by Plaintiff are distinguishable because the defendants in those cases lost, while glossing over *why* they lost.

For example, Defendant's attempt to distinguish *Ambrose v. Grindell & Romero Ins., Inc.*, 2018 U.S. Dist. LEXIS 29160, Case No. 17-cv-0681 MV/SMV (D.N.M. Feb. 23, 2018)(Magistrate Judge's recommended disposition), adopted by the Court at 2018 U.S. Dist. LEXIS 43571 (D.N.M. Mar. 15, 2018)(references to federal statutory and case law did not confer federal jurisdiction), by arguing there that the plaintiff's state court complaint "unambiguously and expressly alleged only violations of state law, and it neither alleged that defendants had violated Title VII nor did it base the state law claims on alleged title VII violations." *Response, p.11*. Of course, that is precisely the case here. In *Ambrose* the complaint was filled with references to federal law, but the court held that referencing federal law to support state law claims did not turn the state law claims into federal claims. 2018 U.S. Dist. LEXIS 29160, *8. Nor was this sufficient to confer federal jurisdiction under the substantial question branch of jurisdiction law. *Id.* at *11-12.

Many of the other cases relied on by Plaintiff are similarly airily dismissed by Defendant as distinguishable because the plaintiff asserted only state law claims, referred to federal law

9

only in reciting exhaustion of administrative remedies or contained only passing references to federal law. *Response at 12-13*. For example, Defendant insists that *Files v. Los Alamos National Security, LLC*, Case No. Civ. No. 08-636 JCH/WDS, at 5-7 (D.N.M. Mar. 30, 2009)(allegation in state court complaint that defendant retaliated against plaintiff due to plaintiff's disclosures that were required by federal statute did not confer federal jurisdiction), is of no moment even though the plaintiff asserted a state law retaliatory discharge claim alleging retaliation for reporting violations of federal safety statutes. This is precisely the argument Defendant makes here—that Plaintiff is claiming he was retaliated against for opposing Title VII violations and filing charges alleging Title VII violations. Yet Judge Herrera had no trouble concluding that the plaintiff's claim was still a state law claim and did not require a demonstration that any federal law was violated. If the plaintiff was not required to prove a violation of the federal statute in *Files*, then certainly Plaintiff here will not have to prove a violation of Title VII, especially since he expressly premised his retaliation claim only on state, not federal, law.

Remarkably, Defendant argues this case is analogous to *Horner v. A'Viands, LLC*, 2016 U.S. Dist. LEXIS 173134 (D.N.M. Dec. 14, 2016). The difficulty for Defendant in so arguing is that in *Horner* the Plaintiff expressly stated claims for violations of both Title VII and the NMHRA in his complaint. *Id.* at *2, *4. Indeed, the court stated: "In his *Complaint*, however, Plaintiff specifically states that counts 1 and 2 are based on both Title VII and the NMHRA." *Id.* at *4 (emphasis original).  That is certainly not the case here and, for the Court's benefit, a copy of the *Horner* Complaint is attached hereto as Exhibit 1. A basic comparison of the *Horner* Complaint (and specifically ¶¶ 1, 11 & 15) and Plaintiff's Complaint should confirm that *Horner* could not be less analogous to this case and less helpful to the removal cause. The language used in one's Complaint actually matters.


Defendant has failed to shoulder its burden to demonstrate that this Court has subject matter jurisdiction. The face of the Complaint, along with the legal authority Plaintiff cited to the Court in his Motion to Remand, firmly demonstrate the lack of subject matter jurisdiction.

**IV.   Conclusion**

The burden is on Defendant to establish from the Complaint that there is federal subject matter jurisdiction over this controversy. Defendant has not done so. Nor has Defendant come up with any legal authority to support its improvident removal of this case. That utter lack of supporting authority proves that Defendant's removal was not objectionably reasonable. To demonstrate that removal was objectively reasonable, Defendant has to do more than point to a case not at all like this case and argue that it had to remove or risk waiving the right to do so. From the face of the Complaint it had no basis for removal at all. Plaintiff should be awarded his costs and attorney's fees.

Respectfully submitted,

MOODY & STANFORD, P.C.

By: */s/ Repps D. Stanford 2018.07.13*
        Christopher M. Moody
        Repps D. Stanford
4169 Montgomery Blvd N.E.
Albuquerque, New Mexico 87109
505.944.0033
moody@nmlaborlaw.com
stanford@nmlaborlaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

We hereby certify that we have served
a true and correct copy of the foregoing
pleading by filing the same in the CM/ECF system
on the following counsel of record this 13th day of
July, 2018:

STELZNER, WINTER, WARBURTON,
FLORES, SANCHEZ & DAWES, P.A.
Sara N. Sanchez
Rebekah A. Gallegos
302 Eighth Street NW, Suite 200
Albuquerque, NM  87103
(505) 938-7770
*Attorneys for Defendants*

MOODY & STANFORD, P.C.

By:  */s/ Repps D. Stanford 2018.07.13*