UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ANDREW B. INDAHL,

      Plaintiff,

v.                              CIVIL ACTION NO: 1:18-cv-00540 KBM-KRS

MODRALL, SPERLING, ROEHL, HARRIS
& SISK, P.A., a NEW MEXICO PROFESSIONAL
ASSOCIATION,

      Defendant.

## DEFENDANT'S MOTION TO SUPPLEMENT THE RECORD ON PLAINTIFF'S MOTION TO REMAND

COMES NOW Defendant Modrall, Sperling, Roehl, Harris & Sisk, P.A. ("Defendant" or "Modrall Sperling"), by and through its attorneys Stelzner, Winter, Warburton, Flores, Sanchez & Dawes, P.A, and pursuant to D.N.M.LR-Civ. 7.3(b) (in a motion, "[m]ovant must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact") and D.N.M.LR-Civ. 7.4 (surreplies), respectfully moves the Court to supplement the record on Plaintiff's Motion to Remand (Doc. 5) with Plaintiff's first charge of discrimination submitted to the U.S. Equal Employment Opportunity Commission ("EEOC"), attached hereto as Exhibit A (Charge of Discrimination by Andrew Indahl, Jan. 11, 2018). Pursuant to D.N.M.LR-Civ 7.1(a), counsel for Defendant inquired as to Plaintiff's position on this motion, and have been informed that Plaintiff opposes this motion.

In support of this Motion, Defendant states as follows:

In Plaintiff's Reply in Support of Motion to Remand, Plaintiff makes multiple factual assertions about the contents of the three charges of discrimination he submitted to the EEOC.

*See, e.g.,* Plaintiff's Reply in Support of Motion to Remand, at 6-8, July 13, 2018 (Doc. 14). Plaintiff did not attach any of his EEOC charges to his Motion or Reply. *See* D.N.M.LR-Civ. 7.3(b) (in a motion, "[m]ovant must submit evidence, in the form of affidavits, deposition excerpts, or other documents, in support of allegations of fact"); *see generally* Plaintiff's Motion to Remand and Brief in Support, June 20, 2018 (Doc. 5); Plaintiff's Reply (Doc. 14).

In support of his argument for remand, Plaintiff asserts in his Reply that in each of his EEOC charges he "explicitly alleged violations of the NMHRA." *See, e.g.,* Plaintiff's Reply in Support of Motion to Remand, at 6, July 13, 2018 (Doc. 14); *id.* at 6-7 ("As also noted previously, while [Plaintiff's EEOC] charges alleged violations of Title VII, they also explicitly alleged violations of the NMHRA. For this reason, the fact that those allegations were incorporated into the retaliatory discharge count and the fact that that count also alleges that Plaintiff filed charges with EEOC and suffered retaliation as a result does not implicate Title VII in any way." (internal citations omitted)); *id.* at 8 ("The charges were filed with the HRB (as well as EEOC) and alleged violations of the NMHRA (as well as Title VII).").

However, in Plaintiff's first EEOC charge, dated January 11, 2018, he alleged only a "violation of Title VII of the civil Rights Act of 1964," and did not allege any violation of the NMHRA. *See* Exhibit A. Accordingly, supplementation of the record to include Plaintiff's first EEOC charge, attached hereto as Exhibit A, is necessary to clarify the basis of claims made by Plaintiff in his Reply.

WHEREFORE Defendant Modrall, Sperling, Roehl, Harris & Sisk, P.A. respectfully requests that the Court supplement the record on Plaintiff's Motion to Remand to include Plaintiff's first EEOC charge, attached hereto as Exhibit A, which reflects that Plaintiff alleged only violations of Title VII in that charge.

       Respectfully submitted,

       STELZNER, WINTER WARBURTON,
           FLORES, SANCHEZ & DAWES, P.A.
       302 Eighth Street N.W., Suite 200
       P.O. Box 528
       Albuquerque, New Mexico 87103
       Phone: (505) 938-7770
       *Electronically filed*

       BY: /s/ Sara N. Sanchez
           SARA N. SANCHEZ
           REBEKAH A. GALLEGOS
       *Attorneys for Defendant Modrall, Sperling,*
       *Roehl, Harris & Sisk, P.A.*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 17th day of July, 2018, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.  In addition, the following counsel was also served concurrently via electronic mail and U.S. Mail, postage paid:

Christopher M. Moody [moody@nmlaborlaw.com]
Moody & Warner P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM  87109-6742

*/s/ Sara N. Sanchez*
Sara N. Sanchez

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[ ] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>543-2018-00187 |
|---|---|---|

New Mexico Dept of Workforce Solutions, Human Rights Bureau                and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Andrew B Indahl | Home Phone<br>(505) 821-9070 | Year of Birth<br>1979 |
|---|---|---|

Street Address: 12304 Camino Arbustos NE,  ALBUQUERQUE, NM 87111

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name<br>MODRALL SPERLING | No. Employees, Members<br>501+ | Phone No.<br>505-264-8741 |
|---|---|---|

Street Address: 12304 Camino Arbustos NE,  ALBUQUERQUE, NM 87111

| Name | No. Employees, Members | Phone No. |
|---|---|---|

Street Address / City, State and ZIP Code

**DISCRIMINATION BASED ON** *(Check appropriate box(es).)*

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN
[X] RETALIATION   [ ] AGE   [ ] DISABILITY   [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10-12-2017   Latest: 10-12-2017
[X] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I began working for Modrall Sperling in April 2014, where I am currently an Associate Attorney. In 2015, I complained to a Partner (MM) to quit harassing my wife, who was also a Partner in the firm, regarding my wife's recent pregnancy and being a new mother. The next day, MM's husband (CM), who is also a Partner, told my wife that I had jeopardized my career with what I had told MM. In May 2016, I also complained to an Executive Committee Member, JA, about how I had complained about my wife's treatment by MM. On October 12, 2017, I was not promoted to Partner because of 3 votes, which happened to be the three individuals mentioned above.

I believe my non-promotion to Partner was in retaliation for opposing what I believed to be an unlawful employment practice, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Andrew Indahl on 01-11-2018 11:19 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

# Exhibit A

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.