IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANDREW B. INDAHL,

    Plaintiff,

v.

                                            CIV 18-0540 KBM/KRS

MODRALL, SPERLING, ROEHL,
HARRIS & SISK, P.A., a New Mexico
Professional Association,

    Defendant.

# **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Plaintiff's Motion to Remand (*Doc. 5*), filed June 20, 2018, and Defendant's Motion to Supplement the Record on Plaintiff's Motion to Remand (*Doc. 16*), filed July 17, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *Docs. 7, 8, 10.* Having reviewed the submissions of the parties and the relevant law, the Court will grant Plaintiff's Motion to Remand and his request for reasonable attorney fees and costs in responding to the improper removal of this action from state court.

## I.    BACKGROUND

Plaintiff Andrew Indahl was employed as an attorney at the Defendant law firm ("Modrall"), along with his wife, Anna Indahl. Plaintiff alleges that he complained about perceived discrimination by the firm against his wife after she had a child and that, in response, Modrall retaliated against him. Plaintiff filed three charges of discrimination

with the federal Equal Employment Opportunity Commission ("EEOC"), alleging conduct in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to e-17, and the New Mexico Human Rights Act ("NMHRA"), N.M. Stat. Ann §§ 28-1-1 to -15. *Doc. 1-2*, ¶¶ 31, 43, 47. Those charges were cross-filed with the New Mexico Human Rights Bureau ("NMHRB"). *See Doc. 16* at 4 (Plaintiff's first charge of discrimination stating "I want this charged filed with both the EEOC and the State or local Agency, if any"); *see also Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶ 13, 980 P.2d 65 (explaining that the EEOC and the NMHRB have a work-sharing agreement, such that a complaint filed with the EEOC is deemed to be properly filed with the NMHRB). Plaintiff then filed this lawsuit in state court in the First Judicial District, Santa Fe County. *Doc. 1-2*. The Complaint alleges two claims for relief – retaliatory discharge and breach of contract. *Id.*

Defendant removed the case to federal court on June 13, 2018, citing federal-question jurisdiction under 28 U.S.C. § 1441 and 28 U.S.C. § 1331 for the retaliatory discharge claim and supplemental jurisdiction under 28 U.S.C. § 1367 for the breach of contract claim. *Doc. 1*. The Notice of Removal asserts that "as pleaded in the Complaint, Plaintiff's claims rely upon and arise from Modrall Sperling's alleged violations of federal law, specifically Title VII . . . ." *Doc. 1*, ¶ 4. Citing *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), Defendant argues that federal law is a necessary element of Plaintiff's retaliation claim. Plaintiff now moves to remand this action back to state court, arguing his Complaint makes only state-law claims that do not implicate any significant federal issues.[1]

---

[1] After Defendant filed the Notice of Removal, Plaintiff filed his First Amended Complaint. *Doc. 9*. On this Motion to Remand, the Court considers only the original Complaint because "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).

2

## II. FEDERAL QUESTION JURISDICTION

An action brought in state court may be removed to federal court when the federal court has original subject matter jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States," which is also known as federal-question jurisdiction. 28 U.S.C. § 1331. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the federal court has original jurisdiction over a claim, the court also has supplemental jurisdiction over all other claims that arise from the same case or controversy. 28 U.S.C. § 1367(a).

Federal question jurisdiction is "governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (citation omitted). The well-pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006). Plaintiff is the master of his complaint, and he "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc.*, 482 U.S. at 392.

"Under the 'artful pleading' doctrine, however, a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of the plaintiff's claim."

*Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060-61 (10th Cir. 2006). The court therefore must determine if the plaintiff's state law claims are completely preempted by federal law or if "there is a substantial, disputed federal-law issue necessarily embedded in [plaintiff's] state-law claims." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1203-04 (10th Cir. 2012).

Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction "absent an adequate showing by the party invoking federal jurisdiction." *United States ex. rel. Hafter D.O. v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). Thus, in removed cases, the burden is on the defendant to establish jurisdiction. *See id.* "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). Federal courts must remand cases over which they lack subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III. ANALYSIS

#### a. Motion to Remand

In this case, Defendant fails to demonstrate that a federal question appears on the face of Plaintiff's complaint or that the artful pleading doctrine applies. On the face of the Complaint, Plaintiff does not bring a federal cause of action and his state-law claims do not depend on the resolution of a substantial federal question.

##### i. Plaintiff asserts no claims under a federal cause of action.

Plaintiff's Complaint sets forth two claims for relief – retaliatory discharge and breach of contract. Defendant does not dispute that Plaintiff's breach of contract claim is based upon state law. *See Doc.* 1, ¶ 16. At issue is Indahl's retaliatory discharge claim,

4

which Defendant asserts is "at the very least ambiguous as to whether it directly asserts a claim for retaliatory discharge in violation of Title VII." *Doc. 11* at 6. However, the Court finds that Plaintiff's Complaint *clearly* establishes that the retaliatory discharge claim is premised on violations of New Mexico public policy, not federal law. *See Doc. 1-2*, ¶¶ 57-60. The Complaint does not assert violations of Title VII, nor does it need to – a plaintiff can pursue the common law tort of retaliatory discharge without bringing a claim for a violation of Title VII or the NMHRA. *See Gandy v. Wal-Mart Stores, Inc.*, 1994-NMSC-040, ¶ 7, 872 P.2d 859.

While Plaintiff initially filed charges of discrimination with both the EEOC and the NMHRB, he has chosen to bring this lawsuit only under state common law, not Title VII or the NMHRA. Simply filing charges of discrimination with the EEOC does not transform the instant case to one raising a federal issue, because "[t]he fact that the EEOC investigated Plaintiff's discrimination claim does not determine how Plaintiff may choose to plead his case." *Ulibarri v. Pers. Sec. Consultants, LLC*, No. 16-CV-0230 WJ/KBM, 2016 WL 10539000, at *3 (D.N.M. May 25, 2016). In contrast, the court in *Horner v. A'Vainds, LLC* denied a motion to remand when the complaint at issue specifically stated that two counts were based on both Title VII and the NMHRA. No. 16-CV-1164 MCA/LF, 2016 WL 9774955, at *2 (D.N.M. Dec. 14, 2016). Here, the Complaint makes no such statement regarding Title VII.

Further, in his briefing on this Motion to Remand, Plaintiff disavows any federal claims. *See Ambrose v. Grindell & Romero Ins.*, No. 17-CV-0681 MV/SMV, 2018 WL 1033201, at *3 (D.N.M. Feb. 23, 2018), *R. & R. adopted*, No. 17-CV-0681 MV/SMV, 2018 WL 1357368 (D.N.M. Mar. 15, 2018) (considering in its decision to remand

5

Plaintiff's briefing that specifically disavowed reliance on federal claims). Plaintiff is the master of his Complaint, "and Defendant[] cannot impute federal claims that Plaintiff[ did] not plead and expressly disavow[ed]." *Id.* at *5.

True, the Complaint does mention Plaintiff's EEOC charges in the "General Allegations" section as background information. However, this reference to federal law "in support of state-law claims does not somehow convert the state claims into federal claims." *Id.* at *3. Similarly, in *Ulibarri* the court found that the complaint's only reference to federal law was a recitation that the plaintiff filed an EEOC charge. 2016 WL 10539000, at *3. The court held that "the fact that Plaintiff previously filed a Charge of Discrimination seeking federal review and asserting a federal claim does not forever bind him to federal law in a later Complaint that alleges only state law claims." *Id*. Additionally, in *Gonzalez v. Town of Edgewood*, the court held that a reference to the EEOC is not equivalent to alleging violations under Title VII. No. 16-CV-0587 KG/KBM, 2018 WL 6026812, at *3 (D.N.M. Nov. 16, 2018).

Defendant relies on *Krueger v. Kissinger*, 37 F. Supp. 3d. 1200 (D. Colo. Apr. 18, 2014) to argue that a complaint that even ambiguously raises federal issues should be removed or the defendant risks the danger of waiving the right to removal. In *Krueger*, the defendant removed an action after the plaintiff filed a response to a motion to dismiss, asserting that the response made clear, for the first time, that the action involved Title VII claims. *Id.* at 1202-03. The *Krueger* court explicitly declined to consider the issue of whether the plaintiff's lawsuit arose under federal law. *Id.* at 1203 ("Whether Plaintiff's lawsuit does indeed arise under federal law is a question of subject matter jurisdiction into which I do not delve."). Instead, the court looked "at the facts of

the particular case" to determine when removability of the action was ascertainable. *Id.* There, defendant's removal was found untimely because "it [was] clear from the beginning of Plaintiff's lawsuit, and prior correspondence between the Parties, that Plaintiff's allegations involved claims arising under federal law." *Id.* at 1204. The referenced prior correspondence included a charge of discrimination the plaintiff filed with the Colorado Civil Rights Division which, like Plaintiff's charge here, alleged Title VII violations. *See id.* Thus, the court in *Krueger* considered the plaintiff's charge of discrimination in determining when the defendant had notice to remove.

Judges in this district, however, have rejected the invitation to look at documents outside the complaint to determine if removal was proper and timely. *See Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1289-90 (D.N.M. Dec. 14, 2011) (citing *Askin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998)) (holding that there must be "clear and unequivocal notice from the [initial] pleading itself" for the removal time period to begin to run); *Gonzalez*, 2018 WL 6026812, at *3 (refusing to consider the EEOC charge in determining federal question jurisdiction because it would "require this Court to consider documentation far outside the face of the civil complaint").

*Krueger* is further distinguishable from the case at hand because the plaintiff in *Krueger* discussed Title VII in her complaint and affirmatively alleged that the defendant was an employer within the meaning of Title VII. 37 F. Supp. 3d. at 1204-05. In contrast here, Plaintiff's Complaint does not discuss Title VII other than to mention the filing of EEOC charges, nor does the Complaint discuss Defendant's status under Title VII.

Rather, the Complaint only alleges state law claims specifically premising them on New Mexico public policy.

### ii. Plaintiff's retaliatory discharge claim does not depend on the resolution of a substantial question of federal law.

As discussed, Plaintiff filed charges of discrimination with the EEOC, which were cross-filed with the NMHRB. This cross-filing does not indicate that a federal question is embedded in Plaintiff's state-law claims. While charges are cross-filed under the work-sharing agreement between the EEOC and the NMHRB, the agencies are not jointly responsible for resolving the charge. *Mitchell-Carr*, 1999-NMSC-025, ¶ 15. A plaintiff must still follow the EEOC procedures or the NMHRB procedures before filing a complaint in court. *Id.* ¶ 16. Accordingly, a plaintiff may choose to pursue a claim for violation of Title VII or for violation of the NMHRA. *Ambrose*, 2018 WL 1033201, at *4 ("The plaintiff could have asserted his claims under either federal or state law, and he plead them as state-law claims.") Further, as is the case here, a plaintiff can choose to bring a state-law tort claim for retaliatory discharge, independent and separate from a claim for violations of the NMHRA. *Gandy*,1994-NMSC-040, ¶¶ 7-8.

Nevertheless, Defendant argues that because "Plaintiff has grounded his retaliation claim on alleged violations of Title VII, his claim turns on substantial and disputed questions of federal law . . . ." *Doc. 11* at 8. As Defendant correctly notes, Indahl's first charge of discrimination alleged only a violation of Title VII (*Doc. 16* at 4), while his second and third charges of discrimination alleged violations of Title VII and the NMHRA (*Doc. 1-2*, ¶¶ 43, 47). The Complaint then contends that Defendant took adverse action against Plaintiff in retaliation of his first EEOC charge and fired him after he filed his second charge of discrimination. *Doc. 1-2*, ¶¶ 54- 56.

The tort of retaliatory discharge requires that Plaintiff "must demonstrate that he was discharged because he performed an act that public policy has authorized or would encourage," and that there is "a causal connection between his actions and the retaliatory discharge." *Shovelin v. Cent. N.M. Elec. Co-op., Inc.*, 1993-NMSC-015, ¶ 24, 850 P.2d 996. In other words, Plaintiff must show he was discharged for filing charges of discrimination with the EEOC and the NMHRB and that filing such charges is encouraged by New Mexico public policy.[2] He does not actually have to prove the underlying violations alleged in the charges, whether brought under Title VII or the NMHRA. Accordingly, resolution of any potential Title VII violations is not necessary for Plaintiff's common law retaliatory discharge claim.

For this same reason, Defendant's Motion to Supplement is denied as moot. In Plaintiff's Reply to the Motion to Remand, he incorrectly stated that all three of his EEOC charges alleged violations of Title VII and the NMHRA. *See Doc. 14* at 6, 8. Defendant seeks to supplement the record and provide Plaintiff's first EEOC charge of discrimination, which indeed only alleges a violation of Title VII, not the NMHRA. But, because Plaintiff's retaliatory discharge claim does not require that he prove Defendant violated Title VII (or the NMHRA), it is inconsequential whether his EEOC charges alleged violations of just Title VII or violations of Title VII and the NMHRA. Accordingly, Defendant's Motion to Supplement will be denied as moot.

In summary, Defendant has shown neither that a substantial, disputed federal-law issue is necessarily embedded in Plaintiff's state-law claim nor that Plaintiff's state-

---

[2] The New Mexico Supreme Court has held that the NMHRA "may furnish the public policy statement underlying the tort [of retaliatory discharge], notwithstanding the fact that the enactment contains its own remedial scheme." *Gandy*, 1994-NMSC-090, ¶ 10.

9

law claim is preempted by federal law. *See Ambrose*, 2018 WL 1033201, at *4 ("[T]he Supreme Court has long recognized that Congress did not intend for Title VII to preempt parallel remedies available under state law."). Thus, this Court lacks subject matter jurisdiction over this matter and must remand the case to the First Judicial District Court, Santa Fe County, State of New Mexico. *See* 28 U.S.C. § 1447(c).

### b. Attorneys' Fees

Plaintiff requests costs and fees, arguing Defendant had no objectively reasonable basis for removal. Once a court orders remand, it may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 142 (2005). Courts have discretion in granting fees. *Id.* at 139.

The Court agrees that Defendant had no objectively reasonable basis for removal. Plaintiff's Complaint clearly does not allege a federal cause of action, even if he earlier filed EEOC charges of discrimination alleging violations of Title VII. Further, although Defendant maintains that Plaintiff's retaliatory discharge claim depends on the resolution of a federal question, case law does not support this position. The cases Defendant relies on to argue that its position was objectively reasonable, *Krueger* and *Horner*, are clearly distinguishable from the instant case.

Wherefore,

IT IS HEREBY ORDERED as follows:

(1) Plaintiff's Motion to Remand (*Doc. 5*) is **granted**.

(2) This case is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

(3) Defendant's Motion to Supplement the Record on Plaintiff's Motion to Remand (*Doc. 16*) is **denied as moot**.

(4) Reasonable attorney's fees and costs incurred in responding to removal and seeking remand are awarded in favor of Plaintiff under 28 U.S.C. §1447(c).

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent